UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES G. DUARTE,<br><br>            Plaintiff,<br><br>    v.<br><br>VA HOSPITAL,<br><br>            Defendant. | Case No. 1:23-cv-00493-JLT-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Frances G. Duarte, proceeding pro se and *in forma pauperis*, filed a complaint on April 3, 2023. (Doc. 1.) Upon review, the Court concludes that the complaint fails to state any cognizable claims.

      Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that she wishes to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

### I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting

*Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff prepared the complaint on a form titled "Complaint for a Civil Case." (Doc. 1.) In the caption of the complaint, Plaintiff lists the names of several plaintiffs. (*Id*. at 1.) Only Plaintiff's name appears throughout the rest of the complaint (*see id*. at 2, 4, 6), including a page containing Plaintiff's signature (*id*. at 6) and on the Civil Cover Sheet attached to the complaint (Doc 1-1). The complaint names "VA Hospital" as the only defendant. (*See* Doc. 1 at 1–2.)

Under "Basis for Jurisdiction," Plaintiff checked the box for "Federal question." (Doc. 1 at 3; Doc. 1-1.) In the section of the complaint asking Plaintiff to list the specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue in this case, Plaintiff wrote a question mark. (*Id*. at 4.) The complaint notes that Plaintiff is a citizen of California and the amount in controversy is $795,000. (*Id*. at 4–5; *see also* Doc. 1-1.)

On the Civil Cover Sheet, Plaintiff checked two boxes under the "Torts" heading as to the nature of the suit: (1) "Personal Injury – Medical Malpractice," and (2) "Health Care/Pharmaceutical Personal Injury Product Liability." (Doc. 1-1.) Plaintiff alleges the "VA killed my husband," and higher-ranking individuals agreed that hospital employees did not properly take care of her husband. (Doc. 1 at 5.) Plaintiff further states "I do not know why my claim was denied so am suing for malpractice – wrongful death." (*Id*.) The complaint provides that someone inserted a rectal tube that "punctured something," causing Plaintiff's husband to bleed out, and he had large sores from not being turned. (*Id*. at 6.) Plaintiff states her husband was getting better. (*Id*.) Plaintiff seeks justice for her husband and asserts that she and her children "need to be paid for pain and suffering." (*Id*. at 5–6.)

## III.   DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with applicable legal standards and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

///

A.     **Legal Standard**

Plaintiff raises state law tort claims against a hospital associated with a federal agency. Construing the complaint liberally, as it must, *Erickson*, 551 U.S. at 94, the Court interprets Plaintiff's allegations as claims of medical malpractice and negligence under the Federal Tort Claims Act ("FTCA") against the United States Department of Veterans Affairs ("VA"). *See Brumfield v. Dep't of Veteran Affairs*, No. 14–cv–04647–JSC, 2015 WL 294380, at *4 (N.D. Cal. Jan. 22, 2015) (the FTCA "provides the exclusive remedy for torts committed by federal employees").

The FTCA gives district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). A plaintiff may bring medical malpractice and negligence claims against VA medical professionals under the FTCA. *See Tunac v. United States*, 897 F.3d 1197, 1205 (9th Cir. 2018); *accord Manning v. United States Dep't of Veterans Affairs*, No. 2:19-cv-00494 TLN AC (PS), 2019 WL 1437639, at *2 (E.D. Cal. Apr. 1, 2019). For example, in *Tunac*, a late veteran's spouse was permitted to proceed under the FTCA on a claim that inadequate treatment by VA healthcare employees constituted medical negligence that caused her husband's death. *Tunac*, 897 F.3d at 1205.

However, "courts dismiss tort claims against federal agencies or the United States for lack of subject matter jurisdiction where the plaintiff fails to allege exhaustion of administrative remedies." *Brown v. Bode Constr.*, No. 16–cv–01148–JSC, 2016 WL 1588382, at *3 (N.D. Cal. Apr. 20, 2016). Specifically, the FTCA requires that an injured party file an administrative claim with the federal agency *before* filing a lawsuit. 28 U.S.C. § 2675 provides, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*. The failure of an agency to make

>     final disposition of a claim within six months after it is filed shall, at the
>     option of the claimant any time thereafter, be deemed a final denial of the
>     claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

"The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, . . . and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980); *accord Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). "A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." *Gillespie*, 629 F.2d at 640; *see also Brady*, 211 F.3d at 502 ("Because the requirement is jurisdictional, it 'must be strictly adhered to.'"). "However, the pleader should be given an opportunity to file an amended complaint to cure such pleading defects." *Gillespie*, 629 F.2d at 640.

"The FTCA provides that the United States shall be liable for tort claims 'in the same manner and to the same extent as a private individual under like circumstances.'" *Gelazela v. United States*, No. 1:21-cv-01499-AWI-EPG (PC), 2022 WL 17368681, at *9 (E.D. Cal. Dec. 1, 2022) (citing *United States v. Olson*, 546 U.S. 43, 46 (2005); 28 U.S.C. § 2674). "To state a claim for medical negligence or malpractice under California law, Plaintiff must establish '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" *Gelazela*, 2022 WL 17368681, at *10 (citing *Sampson v. Ukiah Valley Med. Ct.*, No. 15-cv-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal. June 30, 2017)).

**B.    Analysis**

In its current form, the complaint does not allege a basis for federal question jurisdiction and does not state a claim upon which relief can be granted because it does not allege compliance with the FTCA. *See, e.g.*, *Manning*, 2019 WL 1437639, at *2. Plaintiff makes a cursory reference

to a claim being denied (*see* Doc. 1 at 5), but fails to allege facts indicating the timely filing of an administrative claim with the VA.

As set forth above, Plaintiff may bring her tort claims for medical malpractice and negligence under the FTCA. She must, however, allege facts that plausibly establish that she exhausted her administrative remedies with the VA in order for this Court to have jurisdiction. *See, e.g., Kendall v. Dep't of Veterans Affairs*, 360 Fed. Appx. 902, 903 (9th Cir. 2009) ("The district court properly dismissed the medical malpractice claim without prejudice for lack of subject matter jurisdiction because [the plaintiff] did not allege in his complaint that he filed an administrative claim with the VA before filing suit."); *Brumfield*, 2015 WL 294380, at *4 ("the Court dismisses the tort claims in the instant complaint for lack of subject matter jurisdiction; in particular, Plaintiffs have failed to allege that [they] have properly exhausted their claims with the [VA]."). If she has not yet exhausted her administrative remedies, "this lawsuit is premature and cannot go forward." *Brumfield*, 2015 WL 294380, at *5.

Plaintiff also lists the names of several plaintiffs in the caption of the complaint, but she does not provide any further details regarding these additional plaintiffs. (Doc. 1 at 1.) Plaintiff may only sue based on injuries she herself has suffered. *See Brumfield*, 2015 WL 294380, at *5. She cannot sue "to rectify wrongs done to others," including friends and family. *Id*.

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so she can provide additional factual allegations and cure the pleading defects identified by the Court. *Lopez*, 203 F.3d at 1130; *Gillespie*, 629 F.2d at 640.

Plaintiff is granted leave to file an amended complaint within thirty days. She is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, Plaintiff must allege specific facts to plausibly establish that she complied with the FTCA and timely

exhausted administrative remedies with the VA. The amended complaint must also clearly identify the other named plaintiffs in this case and how they have been injured.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if she can allege compliance with the FTCA's administrative claim requirement and appropriately identify the other named plaintiffs in this action. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on her complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.    ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint;
   b. Notify the Court in writing that she wishes to stand on this complaint; or
   c. File a notice of voluntary dismissal.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:23-cv-00493-JLT-SKO.
3. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **June 1, 2023**                                       /s/ *Sheila K. Oberto*
                                                                                   UNITED STATES MAGISTRATE JUDGE

7