# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES G. DUARTE,<br><br>  Plaintiff,<br><br>v.<br><br>VA HOSPITAL,<br><br>  Defendant. | **Case No.  1:23-cv-00493-JLT-SKO**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**(Doc. 8)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Frances G. Duarte, proceeding pro se and *in forma pauperis*, filed this civil action on April 3, 2023.  (Docs. 1–3.)  The Court screened Plaintiff's complaint and concluded that it failed to state any cognizable claims.  (Doc. 5.)  The Court advised Plaintiff that she had three options for how to proceed: Plaintiff could file (1) an amended complaint, which would be screened in due course; (2) a statement that she wishes to stand on the initial complaint and have it reviewed by the presiding district judge, in which case the Court would issue findings and recommendations to the district judge consistent with its screening order; or (3) a notice of voluntary dismissal.  (*See id*. at 1.)

Plaintiff filed two documents in response to the Court's screening order.  (Docs. 6–7.)  One document indicated she wished to pursue the first option of filing a first amended complaint (Doc. 6), while the other indicated she wished to pursue the second option of standing on her initial complaint (Doc. 7).  (*See* Doc. 6 ("I Frances Duarte would like to go with No. 1 to make a first

1

amended complaint."); *see also* Doc. 7 ("I Frances Duarte am going with #2 I wish to stand on my complaint to VA Hospital. . . .").)

On June 12, 2023, the Court issued a minute order in response to Plaintiff's filings. (Doc. 8.) As it was unclear from Plaintiff's filings whether she intended to file an amended complaint or stand on the original complaint, the Court ordered that, by no later than June 23, 2023, Plaintiff shall file either (1) an amended complaint, which would be complete in itself without reference to the prior or superseded pleading; or (2) a statement captioned "Notice to the Court" that Plaintiff wished to stand on the initial complaint and have it reviewed by the presiding district judge. (*Id*.) Plaintiff was cautioned that failure to comply with this order may result in dismissal of the action. (*Id*.) Plaintiff failed to file anything by the deadline set by the Court. (*See* Docket.)

Further, when served at Plaintiff's address of record, the June 12, 2023, order was returned as undeliverable on June 23, 2023. (*See* Docket.) Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b). Although more than sixty-three days have passed since the order was returned as undeliverable, Plaintiff has not contacted the Court to provide her current address, request an extension, or to otherwise explain her lack of compliance with the order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130

2

(9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for Plaintiff's failure to comply with the Court's order and Local Rules and failure to prosecute.  Alternatively, within this same time period, Plaintiff may file (1) an amended complaint, which shall be captioned "First Amended Complaint," refer to case number 1:23-cv-00493-JLT-SKO, and be complete in itself without reference to the prior or superseded pleading; (2) a statement, which shall be captioned "Notice to the Court," that Plaintiff wants to stand on the initial complaint and have it reviewed by the presiding district judge; or (3) a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if she fails to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to a presiding district court judge that this action be dismissed in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at her address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **September 1, 2023**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE