# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES G. DUARTE,<br><br>        Plaintiff,<br><br>    v.<br><br>VA HOSPITAL,<br><br>        Defendant. | Case No. 1:23-cv-00493-JLT-SKO<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 9)<br><br>SECOND SCREENING ORDER<br><br>(Doc. 11)<br><br>**THIRTY-DAY DEADLINE** |

### I.    PROCEDURAL BACKGROUND

Plaintiff Frances G. Duarte, proceeding pro se and *in forma pauperis*, filed a complaint on April 3, 2023. (Doc. 1.) The Court screened Plaintiff's complaint and concluded that it failed to state a cognizable claim. (Doc. 5.) The Court advised Plaintiff that she had three options for how to proceed: Plaintiff could file (1) an amended complaint, which would be screened in due course; (2) a statement that she wishes to stand on the initial complaint and have it reviewed by the presiding district judge, in which case the Court would issue findings and recommendations to the district judge consistent with its screening order; or (3) a notice of voluntary dismissal. (*See id.* at 1.) Plaintiff filed two documents in response to the Court's screening order. (Docs. 6–7.) One document indicated she wished to pursue the first option of filing a first amended complaint (Doc.

1

6), while the other indicated she wished to pursue the second option of standing on her initial complaint (Doc. 7). The Court issued a minute order (Doc. 8), ordering Plaintiff to clarify whether she intended to file an amended complaint or to stand on the original. The order was returned as undeliverable when served to the address on record, and Plaintiff failed to file anything by the deadline set by the Court.

Plaintiff did not contact the Court within the 63-period after the minute order was returned, as required by Local Rule 183(b). The Court ordered the Plaintiff to show cause within 21 days as to why the action should not be dismissed for Plaintiff's failure to comply with the Court's order and the Local Rules, as well as the Plaintiff's failure to prosecute. (Doc. 9). Alternatively, the order stated Plaintiff could file (1) an amended complaint captioned "First Amended Complaint," which would refer to case number 1:23-cv-00493-JLT-SKO and be complete in itself without reference to the prior or superseded pleading; (2) a statement captioned "Notice to the Court," indicating that Plaintiff wants to stand on the initial complaint and have it reviewed by the presiding district judge; or (3) a notice of voluntary dismissal. The order was served on Plaintiff on September 1, 2023. *See* Docket. On September 26, 2023, Plaintiff filed a notice of a change of address, and she was re-served by mail the same day. (Doc. 10). Plaintiff filed a First Amended Complaint on October 4, 2023. (Doc. 11). Accordingly, the Court's September 1, 2023, order to show cause is DISCHARGED. The Court hereby screens the First Amended Complaint.

## II.     SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be

granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

### III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff prepared the First Amended Complaint on a form titled "Amended Complaint for a Civil Case." (Doc. 11.) In the caption of the complaint, Plaintiff lists the names of several plaintiffs, including Christine Duarte (daughter), Anthony Duarte (son), Joseph Duarte (son), Christopher Duarte (son) and Jeffrey Duarte (son). (*Id.* at 1, 5.) However, Plaintiff later only lists herself and Christine (*Id.* at 2) as plaintiffs in the case, and only Plaintiff signed the complaint (*id*. at 9). The complaint names "VA Hospital" as the only defendant. (*See* Doc. 11 at 1-2.) Plaintiff did not include a civil cover sheet in violation of Local Rule 200.

Under "Basis for Jurisdiction," Plaintiff checked the box for "Federal question." (Doc. 11 at 3.) In the section of the complaint asking Plaintiff to list the specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue in this case, Plaintiff listed "medical malpractice" and "wrongful death." (*Id*. at 4.) The complaint notes that Plaintiff is a citizen of California. (*Id*. at 4–5).

Plaintiff alleges her husband sought care for Covid-19 from the defendant VA Hospital. (*Id.* at 5). As his condition improved, Plaintiff left the hospital on an unknown date. (*Id.* at 6.) Hospital staff later called Plaintiff and instructed her to return to the hospital quickly. (*Id.*) When she returned, a "GI doctor" informed her that her husband needed a blood transfusion, and a surgeon refused to perform surgery because "then he would be blamed for the bleeding" and "he didn't want to take the blame for another nurse['s] negligence." (*Id.*) Plaintiff states "all veterans . . . serve our country at least they should get proper care." (*Id.*)

### IV.  DISCUSSION

For the reasons discussed below, the Court finds that the First Amended Complaint does not state any cognizable claims. The Court will grant Plaintiff one final opportunity to file an amended complaint to correct the identified deficiencies.

**A.  Legal Standard**

Construing the complaint liberally, as it must, *Erickson*, 551 U.S. at 94, the Court interprets Plaintiff's allegations as claims of medical malpractice and negligence under the Federal Tort Claims Act ("FTCA") against the United States Department of Veterans Affairs ("VA"). *See Brumfield v. Dep't of Veteran Affairs*, No. 14–cv–04647–JSC, 2015 WL 294380, at *4 (N.D. Cal. Jan. 22, 2015) (the FTCA "provides the exclusive remedy for torts committed by federal employees").

The FTCA gives district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). A plaintiff

4

may bring medical malpractice and negligence claims against VA medical professionals under the FTCA.  *See Tunac v. United States*, 897 F.3d 1197, 1205 (9th Cir. 2018); *accord Manning v. United States Dep't of Veterans Affairs*, No. 2:19-cv-00494 TLN AC (PS), 2019 WL 1437639, at *2 (E.D. Cal. Apr. 1, 2019).  For example, in *Tunac*, a late veteran's spouse was permitted to proceed under the FTCA on a claim that inadequate treatment by VA healthcare employees constituted medical negligence that caused her husband's death.  *Tunac*, 897 F.3d at 1205.

However, "courts dismiss tort claims against federal agencies or the United States for lack of subject matter jurisdiction where the plaintiff fails to allege exhaustion of administrative remedies."  *Brown v. Bode Constr.*, No. 16–cv–01148–JSC, 2016 WL 1588382, at *3 (N.D. Cal. Apr. 20, 2016).  Specifically, the FTCA requires that an injured party file an administrative claim with the federal agency *before* filing a lawsuit.  28 U.S.C. § 2675 provides, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

"The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, . . . and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980); *accord Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).  "A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite."  *Gillespie*, 629 F.2d at 640; *see also Brady*, 211 F.3d at 502 ("Because the requirement is jurisdictional, it 'must be strictly adhered to.'").  "However, the pleader should be given an opportunity to file an amended complaint to cure such pleading defects."  *Gillespie*, 629 F.2d at 640.

"The FTCA provides that the United States shall be liable for tort claims 'in the same manner and to the same extent as a private individual under like circumstances.'" *Gelazela v. United States*, No. 1:21-cv-01499-AWI-EPG (PC), 2022 WL 17368681, at *9 (E.D. Cal. Dec. 1, 2022) (citing *United States v. Olson*, 546 U.S. 43, 46 (2005); 28 U.S.C. § 2674). "To state a claim for medical negligence or malpractice under California law, Plaintiff must establish '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" *Gelazela*, 2022 WL 17368681, at *10 (citing *Sampson v. Ukiah Valley Med. Ct.*, No. 15-cv-00160-WHO, 2017 WL 2834001, at *3 (N.D. Cal. June 30, 2017)).

**B.     Analysis**

In its current form, the complaint does not allege a basis for federal question jurisdiction and does not state a claim upon which relief can be granted because it does not allege compliance with the FTCA. *See, e.g.*, *Manning*, 2019 WL 1437639, at *2. While Plaintiff may bring claims for medical malpractice and negligence under the FTCA, she must first allege facts that plausibly establish that she exhausted her administrative remedies with the VA before this Court has jurisdiction. *See, e.g., Kendall v. Dep't of Veterans Affairs*, 360 Fed. Appx. 902, 903 (9th Cir. 2009) ("The district court properly dismissed the medical malpractice claim without prejudice for lack of subject matter jurisdiction because [the plaintiff] did not allege in his complaint that he filed an administrative claim with the VA before filing suit."); *Brumfield*, 2015 WL 294380, at *4 ("[T]he Court dismisses the tort claims in the instant complaint for lack of subject matter jurisdiction; in particular, Plaintiffs have failed to allege that [they] have properly exhausted their claims with the [VA]."). If Plaintiff has not yet exhausted her administrative remedies, "this lawsuit is premature and cannot go forward." *Brumfield*, 2015 WL 294380, at *5. Plaintiff offers no facts in her First Amended Complaint suggesting she timely sought administrative relief from the VA before filing the instant action. Because she has not plausibly alleged that she complied with the FTCA, this Court is without subject matter jurisdiction.

Plaintiff also lists the names of several plaintiffs in the complaint's caption, and she has identified them as her children, though it is unclear if they are adults or minors. Regardless, Plaintiff may only sue based on injuries she herself has suffered. *See Brumfield*, 2015 WL 294380, at *5. She cannot sue "to rectify wrongs done to others," including friends and family. *Id*. Pro se litigants may not "pursu[e] claims on behalf of others in a representative capacity." *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (a parent may not bring suit on behalf of a minor without retaining an attorney in federal court). It is unclear whether the other named plaintiffs have taken part in lodging the complaint. However, they have not filed applications to proceed *in forma pauperis* (see Doc. 2) and "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11. Therefore, any other plaintiffs must either be stricken from the filings or other plaintiffs wishing to join the action must either pay the filing fee or file a motion to proceed *in forma pauperis. See, e.g.*, *Remmert v. Newsome*, No. 1:23-cv-00050-ADA-HBK, 2023 WL 1806277, at *1 ((E.D. Cal. April 30, 2021) ("In addition, although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status. Thus, each named plaintiff must submit separate applications to proceed as a pauper before a court will grant multiple plaintiffs in forma pauperis status in one action.") (*citing Liang v. Kallis*, No. 2:21-cv-0595-JAM-CKD, 2021 WL 1721668, at *1 (E.D. Cal. April 30, 2021)).

**C.     Leave to Amend**

The Court has screened Plaintiff's First Amended Complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so she can provide additional factual allegations and cure the pleading defects identified by the Court. *Lopez*, 203 F.3d at 1130; *Gillespie*, 629 F.2d at 640.

Plaintiff is granted leave to file an amended complaint within thirty days. She is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v.*

*Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  The Second Amended Complaint must itself allege *all necessary facts* to support a claim for relief; the Court will not consider any previous complaints in its review.  Therefore, in an amended complaint, Plaintiff must allege specific facts to plausibly establish that she complied with the FTCA and timely exhausted administrative remedies with the VA in addition to sufficiently alleging the facts necessary to support her causes of action.  If other plaintiffs are included in the amended complaint, they must first either pay the filing and administrative fees required under 28 U.S.C. § 1914(a), (c) or file motions to proceed in forma pauperis, and they must also sign the complaint.  Plaintiff must also include a civil cover sheet as required by Local Rule 200.

The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if she can allege compliance with the FTCA's administrative claim requirement and if she can rectify the deficiencies regarding the other named plaintiffs.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on her First Amended Complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

### V.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. The Court's September 1, 2023, order to show cause is discharged;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    i. File a Second Amended Complaint;
    ii. Notify the Court in writing that she wishes to stand on this complaint;

8

or

iii. File a notice of voluntary dismissal.

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:23-cv-00493-JLT-SKO.

4. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **November 28, 2023**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE