# UNITED STATES DISTRICT COURT

# ESTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES G. DUARTE, | Case No. 1:23-cv-00493-JLT-SKO |
| Plaintiff, | ORDER RE JUNE 4, 2024 LETTER |
| v. | (Doc. 18) |
| VA HOSPITAL, | |
| Defendant. | |

Frances G. Duarte filed an amended complaint in this action on October 4, 2023, attempting to assert causes of action for medical malpractice and wrongful death against a VA Hospital regarding care provided to her late husband. (*See* Doc. 11.) The assigned magistrate judge screened Plaintiff's amended complaint and issued Findings and Recommendations, recommending that this case be dismissed without further leave to amend. (Doc. 14.) Among other things, the Findings and Recommendations explained that the Court lacks jurisdiction over Plaintiff's claims because she failed to allege that she timely exhausted her administrative remedies. (*Id*. at 6 (explaining that the Federal Tort Claims Act requires that an injured party file an administrative claim with the federal agency before filing a lawsuit).) Based on Plaintiff's failure to file a timely response to the Findings and Recommendations, the Court dismissed the case on May 28, 2024. (Docs. 16, 17.)

1

On June 4, 2024, Plaintiff sent a letter to the Court suggesting she may not have received the Findings and Recommendations and expressing her concern that the VA Hospital is "getting away with [her] husband's death." (Doc. 18.) The June 4, 2024, filing could be construed as a motion for reconsideration of the Court's dismissal of this case. However, Plaintiff offers no substantive ground for reconsideration. Even assuming Plaintiff did not receive a copy of the Findings and Recommendations, <u>the key issue identified therein was her failure to allege that she has exhausted her administrative remedies</u>. That defect was also discussed by the magistrate judge in the second screening order. (*See* Doc. 12 at 4–5.) Plaintiff has thus far not pointed to any information demonstrating timely presentation of her claim to the Department of Veterans Affairs. As a result, reconsideration is not warranted, and the dismissal and judgment will remain in place.

However, the Court wishes clarify matters for Plaintiff. The Court was not able to address the substance of Plaintiff's allegations in this case because, as explained in the Findings and recommendations, the Court has no legal authority to consider her claims <u>until she exhausts her administrative remedies</u>. Nonetheless, though this ***case*** has been dismissed and closed, the ***claims*** were dismissed without prejudice to refiling. This means that if Plaintiff can demonstrate that she timely exhausted her administrative remedies, she may be able to re-file her claims as part of a new complaint.[1]

IT IS SO ORDERED.

Dated:   **July 9, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] The Court expresses no opinion as to whether Plaintiff has already or could still file an administrative claim concerning the events at issue in this case. <u>There are time limits for the filing of such claims</u>. The Court's orders have simply indicated that she has not yet demonstrated that she has exhausted her administrative remedies. Mrs. Duarte may wish to think about retaining a lawyer, if she can.